Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5254 | **DATE** | 7/27/2012 |
| **CASE TITLE** | United States of America vs. McKenzie | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, McKenzie's Motion to Proceed *In Forma Pauperis* is denied as moot. His Motion for the Appointment of Counsel is denied. The Court grants McKenzie's request that he be given leave to file a memorandum of law in support of his § 2255 Motion. The United States is to file a response to McKenzie's Motion to Vacate, Set Aside, or Correct Sentence under § 2255 in accordance with the briefing schedule that will be set by this Court upon McKenzie's filing of his supporting memorandum of law.

■[ For further details see text below.]           Docketing to mail notices.

## STATEMENT

On July 2, 2012, Petitioner James McKenzie filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On the same day, McKenzie filed a Motion to Proceed *In Forma Pauperis* and a Motion for the Appointment of Counsel. Usually a would-be litigant must pay mandated filing fees before commencing an action in federal district court. Section 2255 proceedings are different, however, and do not require the filing of fees before the petitioner may commence his action under the statute. This is because a § 2255 motion is not regarded as an independent action, but rather as a "continuation of the criminal case whose judgment is under attack." *See* 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings, Rule 3 Advisory Committee Notes. As the Advisory Committee Notes to the Rules Governing § 2255 Proceedings make clear "there is no need to have a *forma pauperis* affidavit to proceed with the action since there is no requirement of a fee for filing the motion. . ." Rules Governing § 2255 Proceedings, Rule 3 Advisory Committee Notes. Nevertheless, an *in forma pauperis* affidavit remains attached to the form that is supplied to potential petitioners under § 2255. According to the Committee Notes, this practice endures to provide the court with the information that the petitioner is indigent, to get such information into the official record so that the court may appoint counsel in its discretion, to order the government to pay witness fees, and to grant any other rights to which an indigent petitioner is entitled in the course of pursuing a § 2255 motion. *See* Rules Governing § 2255 Proceedings, Rule 3 Advisory Committee Notes. Accordingly, McKenzie's Motion to Proceed *In Forma Pauperis* is denied as moot.

The decision of whether to appoint counsel in a § 2255 proceeding is left to the sound discretion of this Court. *See Mitchell v. U.S.*, 359 F.2d 833, 835 (7th Cir. 1966). For a petitioner whose case does not

| STATEMENT |
|---|

involve the death penalty there is no statutory or constitutional entitlement to the appointment of counsel in a § 2255 proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005); *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998); *Oliver v. United States*, 961 F.2d 1339 (7th Cir. 1992); *Rauter v. United States*, 871 F.2d 693 (7th Cir.1989). Rule 8(c) of the Rules Governing § 2255 Proceedings allows for the appointment of counsel for indigent prisoners if an evidentiary hearing is required. *See* Rules Governing § 2255 Proceedings 8(c). Additionally, under Rule 6(a) the Court must appoint counsel "[i]f necessary for effective discovery." *See Id*. at 6(a). Here, McKenzie has demonstrated that he is capable of representing himself in pursuing his § 2255 motion. In the initial Motion that he filed with this Court he stated that "[i]n support of [his] Claims for Relief, he has already prepared a 'Memorandum of Points And Authorities In Support of 28 U.S.C. § 2255.'" He further states that "[w]ithin said Memorandum [he] has carefully, and in detail, clarified his claims which are further supported by relevant authority." He asks that the Court issue an Order allowing for the filing of this memorandum of law, which it hereby does. The Court, however, is unable to conclude from the filings in this case that discovery will be required, and at this early time is uncertain as to whether an evidentiary hearing will be necessary and proper. Because, McKenzie has demonstrated an ability to represent himself in this matter and has affirmatively undertaken the act of preparing a memorandum of law in support of his Motion, the Court denies his Motion for the Appointment of Counsel.

For the foregoing reasons, McKenzie's Motion to Proceed *In Forma Pauperis* is denied as moot. His Motion for the Appointment of Counsel is denied. The Court grants McKenzie's request that he be given leave to file a memorandum of law in support of his § 2255 Motion. The United States is to file a response to McKenzie's Motion to Vacate, Set Aside, or Correct Sentence under § 2255 in accordance with the briefing schedule that will be set by this Court upon McKenzie's filing of his supporting memorandum of law.