# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5254 | **DATE** | 12/27/2012 |
| **CASE TITLE** | United States of America vs. James McKenzie | | |

**DOCKET ENTRY TEXT**

Petitioner James McKenzie ("McKenzie") brings a Renewed Motion to Proceed *In Forma Pauperis* without the full prepayment of filing fees and a Renewed and Revised Motion for Appointment of Counsel. McKenzie also moves for an extension of time to reply to the government's response brief, and seeks default judgment against the government for failing to timely respond to his petition. For the reasons stated herein, McKenzie's Renewed Motions [13] and Motion for Default Judgment [15] are denied. McKenzie's Motion for an Extension of Time to reply [12] is granted.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

## Background

On July 2, 2012, Petitioner James McKenzie filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On the same day, McKenzie filed a Motion to Proceed *In Forma Pauperis* and a Motion for the Appointment of Counsel. On July 27, 2012, this Court denied McKenzie's Motion to Proceed *In Forma Pauperis* as moot because § 2255 proceedings do not require the filing of fees. The Court also denied McKenzie's Motion for Appointment of Counsel, finding "McKenzie has demonstrated that he is capable of representing himself in pursuing his § 2255 motion."

On October 9, 2012, McKenzie filed a Memorandum of points and authorities in support of 28 U.S.C. § 2255 relief. The Court set a briefing schedule shortly thereafter, allowing the government an opportunity to respond to McKenzie's Memorandum by November 9, 2012, and McKenzie the opportunity to reply to the government's response by December 7, 2012. Instead of filing a reply, however, McKenzie has filed a Renewed and Revised Motion for Appointment of Counsel and a Renewed Motion to Proceed *In Forma Pauperis*. McKenzie also moves unopposed for an extension of time to file his reply brief.

This Court denied McKenzie's first Motion for Appointment of Counsel after finding McKenzie demonstrated an ability to represent himself in this proceeding. This determination was based, in part, on the fact that McKenzie was able to prepare a detailed Memorandum of Points

and Authority in support of his claims. The Court also found that appointment of counsel was not warranted under Rules 6(a) & 8(c) of the Rules Governing Section 2255 Cases because the Court was unable to conclude from the filings that further discovery or an evidentiary hearing would be required.

In his Renewed Motion, McKenzie asks the Court to revisit this determination based on changed circumstances that have caused him to "los[e] his ability to represent himself in this matter...." (Pet. Mot. ¶ 13.) McKenzie states in his Renewed Motion that he did not actually prepare or perform research for his original § 2255 Motion and Memorandum. (*Id.* ¶ 1.) According to McKenzie, the original memorandum was prepared by a fellow federal prisoner who had served several years in prison, completed a paralegal course, litigated similar issues in his own case, and helped other prisoners in their litigation efforts. (*Id.* ¶ 2.) McKenzie states that this "seasoned federal writ writer" has since been transferred to Florida, leaving McKenzie "high-and-dry" and unable to advance his case further without the assistance of a trained attorney. (*Id.* ¶¶ 2–3, 5.) McKenzie also states that the drafter of the motions currently before this Court—McKenzie's Renewed Motion to Proceed *In Forma Pauperis*, Motion for an Extension of Time to File a Reply to Government's Response, and Renewed and Revised Motion for Appointment of Counsel—is "doing McKenzie a favor" and does not have the time to provide McKenzie meaningful assistance in this case.

## Legal Standard

The decision of whether to appoint counsel in a § 2255 proceeding is left to the sound discretion of this Court. *See Mitchell v. U.S.*, 359 F.2d 833, 835 (7th Cir. 1966). For a petitioner whose case does not involve the death penalty, there is no statutory or constitutional entitlement to the appointment of counsel in a § 2255 proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005); *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998); *Oliver v. United States*, 961 F.2d 1339 (7th Cir. 1992); *Rauter v. United States*, 871 F.2d 693 (7th Cir.1989). However, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2255 where (1) the petitioner is financially eligible, and (2) appointment is necessary for effective utilization of discovery procedures, an evidentiary hearing is required, or if the "interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2); Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in the United States District Courts. Counsel also may be appointed in Section 2255 proceedings pursuant to 28 U.S.C. § 1915(e), which requires (1) a threshold inquiry into the indigent's efforts to secure counsel, and (2) a determination of whether, given the difficulty of the case, the petitioner appears competent to litigate the case himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F. 2d 319, 321–22 (7th Cir. 1993)); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

## Discussion

A petitioner seeking appointment of counsel under 18 U.S.C. § 3006A must demonstrate

financial eligibility. *See* 18 U.S.C. § 3006A(a)(2). Although McKenzie attached a financial affidavit to his original Motion to Proceed *In Forma Pauperis*, which he filed in July of 2012, he has not submitted a new financial affidavit or any other documentation related to his financial status with his Renewed Motions. Without an up-to-date financial affidavit and certificate verifying the funds and average monthly deposits in McKenzie's bank account over the past six months, this Court is unable to determine whether McKenzie is still financially eligible for appointment of counsel under 18 U.S.C. § 3006A.

However, even assuming—reasonably—that McKenzie is still impoverished and unable to afford private counsel, appointment of counsel is not appropriate at this time because McKenzie has not shown a need for additional discovery, an evidentiary hearing, or demonstrated that the "interests of justice" require appointment in his case. McKenzie's Petition is based on claims that his trial counsel rendered ineffective assistance by failing to challenge the application of § 841(b)(1)(A)(ii) or seek a downward departure at his sentencing hearing. McKenzie offers no reason—nor can this Court discern one—explaining how the presentation of his ineffective assistance of counsel claims would be aided by further discovery or an evidentiary hearing.

Nor has McKenzie demonstrated that the interests of justice require appointment in this case. While McKenzie's ability to represent himself may be somewhat diminished by the departure of his "writ writer," the Court finds that McKenzie is not left in a position where he is unable to obtain justice without a lawyer. When determining whether a petitioner is capable of representing themselves, "the question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.' " *Pruitt v. Mote*, 503 F. 3d 647, 655 (7th Cir. 2007) (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). Rather, the question is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Here, McKenzie's claims of ineffective assistance of counsel are not particularly complex and unlikely to require further discovery, hearings or procedural maneuvering. Furthermore, McKenzie has already put forth his substantive arguments in his Memorandum of Points and Authority, which he had assistance in preparing. The only pending action required of McKenzie in this case is the filing of a reply brief, which he "neither required by the Constitution nor essential for appellate review." *Malizzio v. U.S.*, 46 F.3d 1133, at *5 (7th Cir. 1995) (citing *United States v. Birtle*, 792 F.2d 846, 848 (9th Cir. 1986); Rule 4(b) of the Rules Governing § 2255 Proceedings).

For similar reasons, McKenzie's Renewed and Revised Motion for Appointment of Counsel also fails under 28 U.S.C. § 1915(e). Even if McKenzie could show that he has made efforts to obtain counsel before seeking the Court's assistance—which he has not—the Court finds that, given the complexity of the claims in this § 2255 Motion, McKenzie is capable of representing himself through the remainder of this proceeding.

McKenzie's Renewed Motion to Proceed *In Forma Pauperis* is also denied. As the Court

stated in its previous Order, Section 2255 proceedings do not require the filing of fees. *See* 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings, Rule 3 Advisory Committee Notes ("[T]here is no need to have a *forma pauperis* affidavit to proceed with the action since there is no requirement of a fee for filing the motion ....").

Lastly, McKenzie moves for default judgment against the government, alleging that the government failed to timely file its response to McKenzie's Memorandum in support of his petition for relief under § 2255. The Court denies McKenzie's Motion for Default because the government did in fact file its response in compliance with the Court's November 9, 2012 deadline, (Dkt. No. 10.), but was unable to deliver a physical copy of the response to McKenzie because he was transferred from a facility in Pekin, Illinois, to a new facility in Florida. The government has indicated in its Reply to McKenzie's Motion for an Extension of time that its search of the U.S. Bureau of Prisons Inmate Locate database, which was conducted on December 6, 2012, indicated that McKenzie was still in Pekin, Illinois. The government states that it will mail McKenzie a copy of its Response as soon as it becomes aware of his new address.

## Conclusion

For the reasons stated, McKenzie's Renewed Motion to Proceed *In Forma Pauperis* [13-1] is denied as moot. His Renewed and Revised Motion for the Appointment of Counsel [13-2] and Motion for Default Judgment [15] are denied. The Court grants McKenzie's Motion for an Extension of Time to reply to the government's response brief [12]. McKenzie is to file his reply brief by February 22, 2013. The Government is directed to ensure that McKenzie receives the response brief by January 15, 2013.