IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 12 C 5254 |
| JAMES McKENZIE, | ) Judge Virginia M. Kendall |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner James McKenzie, proceeding *pro se*, moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. McKenzie pled guilty to conspiracy to possess with intent to distribute mixtures containing in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846 and knowingly possessing and carrying firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and c(2). This Court sentenced McKenzie to 200 months imprisonment: 140 months for his violation of 21 U.S.C. § 846 and 60 months for his violation of 18 U.S.C. § 924(c)(1)(A) and c(2). In affirming this sentence, the Seventh Circuit explained that "McKenzie's sentence of 200 months' imprisonment was within a Guidelines range the district court calculated to be 168 to 210 months, a sharp decrease from the PSR calculation of 262 to 327 months." *United States v. McKenzie*, 656 F.3d 688, 692 (7th Cir. 2011). McKenzie now claims that he received ineffective assistance of counsel at sentencing because his lawyer failed to challenge the application of 21 U.S.C. § 841(b)(1)(A)(ii) to his conduct and because his lawyer failed to seek a downward departure to avoid a sentencing disparity. For the reasons stated herein, this Court denies McKenzie's petition.

**FACTS**

McKenzie was one of four individuals arrested on September 9, 2008, as part of an undercover sting operation involving the planned armed robbery of a drug stash house. On July 1, 2008, co-defendant Tony Mahan met with an undercover agent posing as a drug courier to learn the details of the planned robbery. In a recorded conversation, the agent said he transported approximately five kilograms of cocaine per month for a Mexican drug trafficking organization. He said he was unhappy with the organization and needed a crew to help him rob the stash house. He described that the house typically had three men inside and that he usually saw twenty to thirty kilograms of cocaine being prepared for distribution there. Mahan told the agent he could put together a team of four with multiple firearms to help carry out the robbery and then recruited McKenzie to help.

On July 22, 2008, the agent met with Mahan, McKenzie, and Mario Barber and discussed at length various methods of carrying out the robbery. He relayed the same information he had previously told Mahan to McKenzie and Barber. They said they wanted to participate.

On the date of their arrest, McKenzie waited in a parking lot for a call telling them the location of the stash house. Barber and McKenzie arrived separately. At one point, they entered the agent's car and the agent confirmed the details of the plan they thought they were about to execute. Specifically, he asked whether everyone present was aware that they were going to invade a home suspected of containing twenty kilograms of cocaine, armed with firearms; no one expressed reservations and, shortly after, the defendants were taken into custody. Following his arrest, a loaded .357 semi-automatic pistol was found underneath McKenzie's seat, and a ballistic vest and latex gloves were found on McKenzie's person.

As part of the factual basis for his plea agreement, McKenzie admitted (1) that between July and September 2008, he conspired with Barber and others to carry out the robbery of a drug

stash house containing cocaine, (2) that he had participated in the July 22 and September 9 conversations detailed above, (3) that on the date of the planned robbery, he had armed himself with a .357 semi-automatic pistol to be used in the robbery, and (4) that on the date of the planned robbery, he had worn a ballistic vest.

A presentence report calculated McKenzie's base offense level under § 2D1.1 of the Federal Sentencing Guidelines (the "Guidelines") at 34 for the type and quantity of drugs involved. McKenzie had 2 points added for obstruction because the probation officer concluded he had lied during a suppression hearing, bringing his total offense level to 36.

At sentencing, McKenzie disputed the amount of cocaine for which he should be held accountable under the Guidelines. This Court reviewed transcripts of the recorded conversations and concluded that the general understanding was that McKenzie expected to recover twenty kilograms or more of cocaine from the stash house on the planned date of the robbery. This was consistent with the base offense level of 34, which covers drug quantities of at least fifteen, but less than fifty kilograms of cocaine. McKenzie also disputed a 2-level increase for obstruction of justice. But a 2-level increase was appropriate because McKenzie lied during a suppression hearing to make it seem as though police officers did not read him his *Miranda* rights. With a criminal history category of IV and an offense level of 36, McKenzie's Guidelines range would have been 262-327 months imprisonment.

Despite his obstruction of justice, McKenzie sought and received a 3-level reduction for acceptance of responsibility. McKenzie also challenged his criminal history category of IV as an overrepresentation of his actual criminal history. This Court agreed with McKenzie and reduced his criminal history category to III. Together, the offense level of 33 and criminal history category of III resulted in a Guidelines range of 168-210 months imprisonment for his conviction

under 21 U.S.C. § 846. After reviewing the factors that must be considered in determining an appropriate sentence under 18 U.S.C. § 3553, this Court sentenced McKenzie to 140 months imprisonment for his violation of 21 U.S.C. § 846 and 60 months imprisonment for his violation of 18 U.S.C. § 924(c)(1)(A) and c(2).

## STANDARD OF REVIEW

A federal prisoner may move the court that imposed a sentence to vacate, set aside, or correct that sentence on the grounds that the court imposed the sentence in violation of the Constitution or laws of the United States, the court lacked jurisdiction to impose the sentence, the sentence exceeded that permitted by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "Relief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A district court may dismiss a petition under § 2255 at an early stage—and without an evidentiary hearing—if the record before the court shows that the petitioner is not entitled to relief. *Id.*

The Sixth Amendment provides criminal defendants with the right to effective counsel. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). Courts presume that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). To rebut this presumption, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that, but for his counsel's performance, the result of the proceeding would have been different. *Lathrop*, 634 F.3d at 937; *see also United States v. Peterson*, 711 F.3d 770, 780 n.4 ("Ordinarily, when a defendant challenges a sentence on the basis of ineffective assistance of counsel, the *Strickland* standard will apply."). "The benchmark for judging any claim to ineffectiveness must

4

be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

## DISCUSSION

This Court must deny McKenzie's petition because he has not shown that his counsel's performance was deficient or that he suffered prejudice because of his counsel's performance. McKenzie's claim that his counsel should have challenged the charges applied to McKenzie's conduct fails because the Seventh Circuit Court of Appeals has affirmed convictions charged under the same statute for similar conduct. And McKenzie's claim that his counsel should have sought a downward departure to avoid sentencing disparities fails because McKenzie has not shown that any sentencing disparities exist, which undermines the notion that his counsel could have sought such a departure. Besides, the record shows that McKenzie's counsel was effective. Facing a PSR calculation of 262-327 months imprisonment for his violation of 21 U.S.C. § 846, McKenzie received a below Guidelines sentence of 140 months imprisonment for that offense. This "sharp decrease"—which was just under 50% of the low-end of the PSR's calculation and nearly 20% below the low-end of the reduced Guidelines range—reflects the effectiveness of McKenzie's counsel.

### A. Counsel Was Not Ineffective Because He or She Did Not Challenge Binding Precedent That Recognizes Charges Under 21 U.S.C. § 846 for Planned Stash House Robberies

McKenzie's first claim takes issue with the application of 21 U.S.C. § 841(b)(1)(A)(ii) to McKenzie's conduct. Section 841(b)(1)(A)(ii) imposes a mandatory minimum sentence of ten years imprisonment for an offense involving 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine. The offense in this case was conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. According to McKenzie, the government overreached by charging him with a drug offense under 21 U.S.C. §

5

846 when it should have charged him under the Hobbs Act, 18 U.S.C. § 1951. McKenzie claims that his counsel failed to challenge what McKenzie considers an expansive application of 21 U.S.C. § 846, and its corresponding mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(ii), to a planned robbery of drug stash house.

But counsel's performance does not fall below the minimum level of competence because he or she does not pursue a novel argument. *See United States v. Rezin*, 322 F.3d 443, 446-47 (7th Cir. 2003) ("Criminal defendants have a right to a competent lawyer, but not to Clarence Darrow."); *see also Pierce v. United States*, 686 F.3d 529, 533 (8th Cir. 2012) ("We noted that counsel is not ineffective for failing to raise an argument that was novel at the time of the proceeding, even if later found to be meritorious."). Here, McKenzie acknowledges that "opinions across the land unfortunately demonstrate courts have been all too willing to assume (without actually deciding) that 21 U.S.C. § 841(b)(1)(A)(ii) should be interpreted expansively to encompass" the type of conduct at issue here. Some of the opinions McKenzie refers to are binding on this Court. For example, the Seventh Circuit affirmed the conviction of defendants who planned to rob a fictitious drug stash house in *United States v. Corson*, 579 F.3d 804, 813 (7th Cir. 2009). Even though the opinion questions whether it was prudent to use government resources to prosecute based on a scheme to rob a drug stash house that did not exist, the Seventh Circuit affirmed the convictions for violations of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* at 806, 809. The same is true in *United States v. Millet*, 510 F.3d 668, 678 (7th Cir. 2007), where the Seventh Circuit affirmed the conviction under 21 U.S.C. § 846 of a defendant who planned to rob a drug dealer of money and drugs.

This Court cannot deviate from these cases, which establish the validity of convictions under 21 U.S.C. § 846 for planned armed robberies of drug stash houses. Nor can this Court fault

McKenzie's counsel for failing to challenge established precedent. The failure to raise a novel argument does not render counsel's performance deficient. *See*, *e.g.*, *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) ("Counsel's failure to raise this novel argument does not render his performance constitutionally ineffective. While the Constitution guarantees criminal defendants a competent attorney, it 'does not insure that defense counsel will recognize and raise every conceivable constitutional claim.' "). Therefore, this Court finds that McKenzie's counsel offered adequate assistance with respect to the offense charged.

Moreover, McKenzie does not claim that he would not have pled guilty had his counsel challenged the application of 21 U.S.C. § 846 to his conduct. In fact, McKenzie does not challenge the validity of his plea, which this Court determined McKenzie entered voluntarily and knowingly. In his plea, McKenzie admits to the underlying conduct. The Seventh Circuit's affirmances of convictions for planned armed robberies of stash houses—to include the Seventh Circuit's affirmance of McKenzie's sentence—indicate that McKenzie would not have received a different result. Therefore, this Court finds that the performance of McKenzie's counsel did not prejudice McKenzie.

> **B.** **Counsel Was Not Ineffective Because He or She Did Not Seek a Downward Departure Based on Sentences Imposed for Different Offenses**

McKenzie also claims that his counsel's performance was inadequate because he did not seek a downward departure under 18 U.S.C. § 3553(a)(6) to avoid sentencing disparities. Sentencing disparities are a concern only where the sentences compared involve similar conduct and defendants with similar records. *United States v. Brown*, 732 F.3d 781, 788 (7th Cir. 2013). "[A] different sentence for the same charge does not alone raise any concern about unwarranted disparities under § 3553(a)(6)." *Id.* at 789.

7

McKenzie claims that "[a] number of similarly situated offenders in other districts received drastically lower sentences participating in the exact same reverse sting operation." McKenzie points to several cases in support of his claim. In *United States v. Ware*, 2010 U.S. Dist. LEXIS 12106 (E.D. Wis. 2010), the defendant received 21 months imprisonment despite a Guidelines range of 33 to 41 months imprisonment in a case where the planned robbery involved fourteen kilograms of cocaine. In *United States v. Raddle*, 2010 U.S. Dist. LEXIS 5055 (E.D. Wis. 2010), the defendant received 24 months imprisonment despite a Guidelines range of 33-41 months imprisonment in a case where the planned robbery involved fourteen kilograms of cocaine. In *United States v. Wilson*, 2010 U.S. Dist. LEXIS 67941 (E.D. Wis. 2010), the defendant received 27 months imprisonment despite a Guidelines range of 41-51 months imprisonment in a case where the planned robbery involved fourteen kilograms of cocaine. These three cases involved a planned robbery of less cocaine than at issue in McKenzie's case. In *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004), the defendant received 63 months imprisonment for a planned robbery of twenty-five kilograms of cocaine. Importantly, each of the convictions in these cases were under the Hobbs Act.

McKenzie's conviction, however, is for a violation of 21 U.S.C. § 846. Not only does McKenzie's conviction require a different Guidelines calculation than a conviction under the Hobbs Act, but McKenzie's conviction also carries with it a mandatory minimum sentence. Because the underlying offenses are different, the purported disparities McKenzie refers to are not relevant. *See United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010) ("A sentencing judge needs to understand the Commission's recommendations, which reflect (among other things) the goal of avoiding unwarranted disparities in how different judges treat equivalent offenses and offenders."). And it is within the government's discretion to decide which charges

to bring. *See*, *e.g.*, *United States v. Smith*, 502 F.3d 680, 690 (7th Cir. 2007) ("Prosecutors always have discretion to decide which charges to bring, and this discretion extends to charges that carry enhanced statutory maximum penalties.").

For these reasons, this Court finds no fault in the decision not to seek a downward departure based on sentencing disparities between McKenzie's violation of 21 U.S.C. § 846 and violations of the Hobbs Act. There was no good-faith reason to do so. McKenzie's counsel did seek, albeit unsuccessfully, a downward departure based on the disparity between McKenzie's sentence and that received by the scheme's ringleader. And McKenzie's counsel successfully argued that McKenzie's criminal history score overrepresented his actual criminal history. McKenzie's counsel also successfully argued that McKenzie should receive credit for acceptance of responsibility even though McKenzie had obstructed justice. McKenzie benefited from these arguments, which resulted in a tremendous reduction—from 262-327 months to 168-210 months—in the Guidelines range for his violation of 21 U.S.C. § 846. McKenzie's counsel also presented several §3553(a) factors to this Court that led to a downward variance to 140 months imprisonment from the already significantly reduced Guidelines range. This significant reduction establishes the adequacy of counsel's performance. Moreover, McKenzie has not shown how his conduct is similar to conduct in other cases involving similar offenses yet lesser sentences. *See Brown*, 732 F.3d at 789. Consequently, McKenzie has not shown that he suffered any prejudice because of the decision not to seek a downward departure based on sentencing disparities.

### C. This Court Will Not Issue a Certificate of Appealability Because McKenzie Has Not Presented a Substantial Showing of the Denial of a Constitutional Right

A petitioner cannot appeal a denial of a petition under 28 U.S.C. § 2255 unless a court issues a certificate of appealability. 28 U.S.C. § 2253(c); *see also Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003). This requirement conserves judicial resources and protects appellate

courts from the burden of unmeritorious petitions under § 2255. *See Young v. United States*, 124 F.3d 794, 799 (7th Cir. 1997). Courts may grant a certificate of appealability when a petitioner presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Gonzalez v. Thaler*, 132 S.Ct. 641, 649 n.5 (2012). A substantial showing of the denial of a constitutional right requires the petitioner to show that reasonable jurists could find room to debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to entitle the petitioner to proceed with his claims. *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000).

Because this Court denied McKenzie's ineffective assistance of counsel claims on the merits, he must show that reasonable jurists would find this Court's assessment of his constitutional claims either debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack*, 529 U.S. at 484). McKenzie has made no such showing here and this Court finds that reasonable jurists could not find room to debate its ruling on the merits of McKenzie's claims. McKenzie has not shown that his counsel's performance was deficient or that he suffered any prejudice because of his counsel's performance. Therefore, McKenzie has not shown that a certificate of appealability is warranted.

## CONCLUSION

For the reasons stated herein, this Court denies McKenzie's motion to vacate, set aside, or correct his sentence.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: February 24, 2014